IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

              Plaintiff,

    v.

DEREK HILLEBRAND,

              Defendant.

2:21-CR-00355-CCW

## OPINION AND ORDER

Before the Court is a Motion to Suppress Evidence filed by Defendant Derek Hillebrand, ECF No. 1743, who is charged with conspiracy to distribute and possess with intent to distribute several controlled substances and conspiracy to commit money laundering in a six-count, thirty-seven defendant indictment. ECF No. 3 at 2–4. Mr. Hillebrand raises several issues. First, he moves to suppress the wiretap evidence against him, arguing that the government failed to comply with Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. §§ 2518 *et seq.* ECF No. 1743 at 2–8. Second, Mr. Hillebrand moves to suppress evidence from a February 2020 traffic stop and related warrant, asserting violations of his Fourth Amendment rights. *Id.* at 10–11. Third, Mr. Hillebrand moves to suppress evidence related to an August 2020 traffic stop, raising similar Fourth Amendment arguments. *Id.* at 11.

This Opinion will resolve only the first and second issues. As to the first, the Court will DENY Mr. Hillebrand's Motion insofar as he seeks suppression of the wiretap evidence against him, for the reasons that follow. As to the second, because the government concedes that it will

not present evidence from the February 2020 traffic stop and related warrant at trial and because Mr. Hillebrand agrees that this concession moots his argument, the Court, without further analysis, will DENY AS MOOT the Motion on this issue.  *See* ECF No. 1784 at 4–5;  ECF No. 1795 at 4, 6.  As to Mr. Hillebrand's third issue, the Court will DEFER ruling on it, pending the submission of supplemental briefs that the Court ordered at ECF No. 1863.

Turning to Mr. Hillebrand's wiretap argument, it targets evidence obtained through several Title III wiretap applications.[1]  By way of pertinent background, Assistant United States Attorney Jonathan Lusty applied for the wiretaps, incorporating by reference an affidavit by Eric Harpster. Mr. Harpster, in his affidavit, attests that he is a deputized Task Force Officer with the federal Drug Enforcement Administration in addition to serving as a detective with the City of Pittsburgh Bureau of Police.  ECF No. 1743-1.  Based on his deputization, Mr. Harpster attests that he is "an investigative or law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18, United States Code."  *Id.*

Mr. Harpster's deputization is the focus of Mr. Hillebrand's Motion.  He argues that Mr. Harpster was improperly deputized as a Task Force Officer, such that he is not actually an "investigative or law enforcement officer of the United States within the meaning of [28 U.S.C. § 2510(7)]."  ECF No. 1743 at 3.  This alleged flaw, Mr. Hillebrand contends, infects the entirety of the wiretap applications at issue, because under 28 U.S.C. § 2518(1), an "investigative or law enforcement officer" must be the one who provides certain information in a Title III wiretap application.  The cure, according to Mr. Hillebrand, is also found in § 2518, which provides for suppression of communications "unlawfully intercepted."   28 U.S.C. § 2518(10)(a)(i).   The government responds that Mr. Hillebrand's deputization challenge is meritless.  It maintains that

---

[1] The briefing for this aspect of Mr. Hillebrand's Motion can be found at ECF Nos. 1743, 1784, 1795, 1846, 1848, and 1849.  The Court held oral argument on this issue on April 17, 2023.  *See* ECF No. 1810.

Mr. Harpster's affidavit is sufficient evidence of his deputization as a DEA Task Force Officer, and that Mr. Hillebrand has not given any reason for the Court to look beyond the affidavit.

As a threshold matter, Mr. Hillebrand requests an evidentiary hearing regarding the allegedly flawed deputization, which the government opposes. Notably, the Third Circuit has not supplied a standard for determining whether an evidentiary hearing should be held to test factual attestations in a Title III warrant application. After oral argument and supplemental briefing, however, the parties agree that the Court should apply the framework from *Franks v. Delaware*, 438 U.S. 154 (1978), consistent with the approach taken by "every Court of Appeals to consider the issue." ECF No. 1846 at 2 (quoting *United States v. Rajaratnam*, 719 F.3d 139, 152 (2d Cir. 2013)); *see* ECF No. 1848 at 1; *Rajaratnam*, 719 F.3d at 152 n.16 (collecting cases). Under *Franks*, to obtain an evidentiary hearing to test allegations of false statements in a warrant application, the defendant must make a "substantial preliminary showing" that (1) "a warrant application contained false statements made with reckless disregard for the truth" and (2) "the remaining truthful statements, standing alone, do not establish probable cause." *United States v. Desu*, 23 F.4th 224, 234 (3d Cir. 2022) (quoting *Franks*, 438 U.S. at 170).

Consistent with the weight of authority and the parties' agreement, the Court concludes that the *Franks* standard is applicable here, at least to the extent that to receive an evidentiary hearing, Mr. Hillebrand must make a "substantial preliminary showing" that Mr. Harpster falsely attested to being a deputized DEA Task Force Officer.[2] *See United States v. Heilman*, 377 F. App'x 157, 176–77 (3d Cir. 2010) (applying *Franks* in the wiretap context). To make this

---

[2] Because the Court concludes that Mr. Hillebrand has failed to make such a showing of falsity, it need not decide whether Mr. Hillebrand would also have needed to make a substantial preliminary showing of reckless disregard for the truth or that the remaining truthful statements do not establish probable cause. *See Desu*, 23 F.4th at 234; *United States v. Toney*, 819 F. App'x 107, 109 (3d Cir. 2020) (denying request for *Franks* hearing where defendant failed to make substantial preliminary showing of falsity).

showing, Mr. Hillebrand may not "rest on mere conclusory allegations" and instead "must present an offer of proof contradicting the affidavit, including materials such as sworn affidavits or otherwise reliable statements from witnesses."  *Desu*, 23 F.4th at 234 (quoting *United States v. Yusuf*, 461 F.3d 374, 383 n.8 (3d Cir. 2006)).  These protections "prevent the misuse of a veracity hearing for purposes of discovery or obstruction," and confirm that "the challenger's attack must be . . . supported by more than a mere desire to cross-examine."  *Franks*, 438 U.S. at 170–171.

Mr. Hillebrand has failed to make the requisite showing that Mr. Harpster falsely attested to being a deputized DEA Task Force Officer.  In support of his request for a hearing, Mr. Hillebrand initially attached what he represents to be "internal regulations"[3] setting forth the DEA's deputization process and argued, "No page or data byte shared with Mr. Hillebrand identifies the manner in which Mr. Harpster was deputized."  ECF No. 1743 at 4;  ECF No. 1743-2.  The absence of discovery regarding Mr. Harpster's deputization, however, is not evidence that his deputization did not occur (or was otherwise flawed).  *See Chambers v. Sec'y Pa. Dep't of Corr.*, 442 F. App'x 650, 656 (3d Cir. 2011) ("[W]e agree with the District Court that 'absence of evidence is not evidence of absence.'").  That is especially so in light of Mr. Hillebrand's concession at oral argument that he would not be entitled to discovery regarding Mr. Harpster's deputization, even if he had specifically requested it (which he did not).  Thus, the purported "internal regulations" and the lack of discovery regarding deputization do not amount to a "substantial preliminary showing" that Mr. Harpster falsely attested to being a deputized Task Force Officer in his affidavit.

---

[3] The Court uses the phrase "internal regulations" for simplicity because that is what Mr. Hillebrand has called the document.  The Court notes, however, that the legal status of the document—regulation, guidance document, internal policies and procedures, etc.—is unclear.  Mr. Hillebrand represents that the document is an excerpt from material obtained by a media outlet through a Freedom of Information Act request, but the excerpt does not help to discern what exactly the document is.  For the reasons given in this Opinion, however, the document's status is ultimately immaterial to the Court's ruling.

Otherwise, Mr. Hillebrand argues that the material relied on by the government in opposing his Motion contradicts Mr. Harpster's attestation, sufficient to warrant a *Franks* hearing, but this argument also fails. Specifically, Mr. Hillebrand points to two letters filed by the government, in which Thomas Hodnett, a Special Agent in Charge at the DEA purports to verify Mr. Harpster's deputization. ECF Nos. 1784-1, 1848-1. Mr. Hillebrand argues that those letters, which state that Mr. Harpster's deputization was renewed in four-year increments, are inconsistent with the same "internal regulations," which according to Mr. Hillebrand call for a renewal of the deputization after 180 days.

The Court disagrees. Even assuming that the "internal regulations" relied on by Mr. Hillebrand were applicable and binding at the relevant times—something that Mr. Hillebrand has not shown by "sworn affidavit," an "otherwise reliable witness statement," or something similar, *Yusuf*, 461 F.3d at 383 n.8—they do not contradict Agent Hodnett's letters. Although the "internal regulations" do reference a 180-day renewal period applicable to "short term" deputizations— deputizations for "investigations which are finite in scope, such as a Title III investigation, or those that involve activities related to a specific case(s)"—they elsewhere provide that "[d]eputization authority may be granted by DEA in other situations not covered in this subchapter . . . at the discretion of the Administrator [of the DEA]." ECF No. 1743-2 at 2–4. Here, Mr. Hillebrand has not shown that Mr. Harpster's was the sort of "short term" deputization that might in theory trigger the 180-day renewal period, as opposed to some other form of deputization with a longer deputization period. Although Mr. Harpster was involved in the Title III investigation leading to Mr. Hillebrand's indictment, it does not follow that his deputization was limited to that investigation (and this federal criminal case that followed) such that the Court could infer that Mr. Harpster's deputization was a "short term" deputization. Without more to show that Mr. Harpster

was subject to the 180-day renewal period referenced in Mr. Hillebrand's "internal regulations," there is nothing in Agent Hodnett's letters that contradicts Mr. Harpster's attestation that he is a deputized DEA Task Force Officer.

In short, absent some further showing by Mr. Hillebrand, his Motion turns on speculation regarding the scope of Mr. Harpster's deputization and the deputization's theoretical temporal limitations. Such speculation is an inadequate basis for a *Franks* hearing. *See United States v. Rodriguez-Colon*, 827 F. App'x 188, 190 (3d Cir. 2020) ("Neither [defendant's] speculation, nor his desire to cross-examine the informants, suffices for a *Franks* hearing . . . ."). Because Mr. Hillebrand has not made a substantial preliminary showing that Mr. Harpster falsely attested to being a deputized DEA Task Force Officer, he is not entitled to an evidentiary hearing on the issue.

Turning to the merits of Mr. Hillebrand's deputization challenge, they are straightforward. An "investigative or law enforcement officer," within the meaning of Title III, includes "any officer of the United States or of a State or political subdivision thereof, who is empowered by law to conduct investigations of or to make arrests for offenses enumerated in" Chapter 119 of Title 18 of the United States Code. 18 U.S.C. § 2510(7). Mr. Hillebrand does not dispute that DEA Task Force Officers have the authority to investigate or make arrests for such offenses. He merely argues that Mr. Harpster is not a true Task Force Officer, despite his attestation. As discussed above, however, Mr. Hillebrand has not substantiated his argument, and thus has not given the Court cause to look beyond Mr. Harpster's attestation. The Court, accordingly, concludes that Mr. Harpster is what he says—a deputized DEA Task Force Officer and thus an "investigative or law enforcement officer of the United States." ECF No. 1743-1. With the factual premise of Mr. Hillebrand's argument invalidated, the Court must deny his Motion insofar as he seeks suppression of the wiretap evidence against him.

*

For the foregoing reasons, Mr. Hillebrand's Motion to Suppress, ECF No. 1743, is DENIED IN PART, insofar as he seeks suppression of the wiretap evidence against him and is DENIED AS MOOT insofar as he challenges the February 2020 vehicle stop and related warrant. The Court will address Mr. Hillebrand's request to suppress evidence from an August 2020 traffic stop in a separate opinion, after the issues are fully briefed.

DATED this 8th day of May, 2023.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record